JOSEPH LOEWINGER, Appellant, v. ALBERT WINTERNITZ, Respondent.

Supreme Court, Appellate Term, First Department, May 8, 1924.

Evidence — action to recover loan — defendant alleged indebtedness of plaintiff to him — reversible error to refuse to permit plaintiff to question defendant on cross-examination as to his filing of petition in bankruptcy prior to trial and as to whether plaintiff's indebtedness had been listed in his schedules.

In an action to recover a sum of money alleged to have been loaned to the defendant, wherein a sharp conflict arose as to whether at a certain time the plaintiff had been indebted to the defendant, it was reversible error to refuse to permit the plaintiff to interrogate the defendant on cross-examination as to the filing of a petition in bankruptcy by him prior to the trial and as to whether or not he had listed in his schedules the alleged indebtedness of the plaintiff to him, for such testimony was important on the question of the credibility of the defendant.

APPEAL by plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, sixth district, in favor of defendant.

*Owen E. Reilly,* for the appellant.

*Cherurg & Cherurg (George Cherurg,* of counsel), for the respondent.

*Per Curiam.* This action was brought by plaintiff to recover the sum of $500, representing a loan plaintiff claims he made to the defendant. The pleadings were oral. The defendant pleaded a general denial and a counterclaim for $100. Upon the trial, after the plaintiff had offered his evidence as to the loan, the defendant testified that at the time the $500 was paid to the defendant by plaintiff there was due him from plaintiff, because of a previous loan, the sum of $200, and that at the time of payment the $200 loan was liquidated. A sharp conflict arose as to whether, at the time alleged by the defendant, the plaintiff did owe the $200 aforesaid. In the course of the cross-examination of the defendant plaintiff's attorney attempted to inquire of the defendant whether or not, at some time previous to the trial, the defendant had not filed a petition in bankruptcy and had also been discharged as a bankrupt, and also as to whether, in the schedules filed, any note was made of the particular $200 loan here asserted in the schedule of the defendant's assets. These questions were objected to by defendant's counsel, and the court sustained the objections. The disallowance of these questions we think was prejudicial error. It was important on the question of the credibility of defendant. Because of the sharp conflict as to whether such a debt existed,

the jury was entitled to know whether, at the time the petition was filed, the defendant listed the said indebtedness among his assets. His failure to do so might be an indication to the jury that no such debt existed; it was a material circumstance in the determination of the question of fact involved.

We believe that the interests of justice require a reversal of the judgment and the ordering of a new trial.

Judgment reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

All concur; present, GUY, WAGNER and WASSERVOGEL, JJ.

Judgment reversed.